J-S13014-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY PETER OSCHE, | |
| Appellant | No. 916 WDA 2018 |

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0002166-2013

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    FILED MAY 31, 2019

Appellant, Anthony Peter Osche, appeals from the order denying his timely petition filed pursuant to the Post Conviction Relief Act, (PCRA).[1]  After careful review, we vacate in part, and affirm in part.

The facts underlying Appellant's convictions are not germane to this appeal, other than that he

> was charged, by information filed on December 31, 2013, with five counts ... of Distribution of Child Pornography, 18 Pa.C.S. § 6312(c)(1); thirty counts ... of Possession of Child Pornography, 18 Pa.C.S. § 6312(d)(1); and one count ... of Criminal Use of a Communications Facility, 18 Pa.C.S. § 7512(a).  Following a [jury] trial on February 9-10, 2015, [Appellant] was found guilty of all counts.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] See 42 Pa.C.S. §§ 9541-9546.

Pursuant to 42 Pa.C.S. §9795.4, the [trial c]ourt directed the Sexual Offender Assessment Board (SOAB) to issue a report on [Appellant]. At the Sexually Violent Predator [(SVP)] [h]earing and [s]entencing on October 5, 2015, the Commonwealth and the defense agreed to stipulate to the assessment provided by the SOAB. N.T., 10/05/[]15, at … 2-3. Based upon that stipulation, the [c]ourt determined [Appellant] was a[n SVP] and subject to lifetime registration under Megan's Law....

The Commonwealth provided notice to the defense that they were seeking the mandatory sentence of 25 to 50 years. [Id.] at … 3[]. At [s]entencing, the [c]ourt found that there had been a prior conviction, and as a result, it was treated as a repeat offense under 42 Pa.C.S.[ §] 9718.2. [Id.] at … 6[]. In the Sentencing Order dated October 5, 2015, for Counts 1-35, [Appellant] was ordered to pay the costs of prosecution and sentenced to undergo imprisonment for 25–50 years, with sentences for all counts to be served concurrently. For Count 36, [Appellant] was ordered to pay the costs of prosecution with no further penalty.

[Appellant] filed an appeal with the Superior Court.... The [j]udgment of [s]entence … was affirmed … on November 18, 2016, and on that same date[,] [Appellant] filed a request for reargument of that decision, which was subsequently denied on January 11, 2017.

On January 10, 2018, [Appellant] filed [the instant PCRA petition]. [Therein, Appellant] requested the [PCRA c]ourt appoint a lawyer to represent him. The [c]ourt granted the request for counsel and appointed Michael Jewart, Esquire, to represent [him] in this matter[,] and also permitted leave for an amended petition. A [h]earing was held on March 21, 2018, at which [Appellant] appeared represented by Attorney Jewart. An oral amendment was made by counsel for [Appellant] to withdraw the allegation of ineffective assistance of counsel, and replace [it] with an assertion that the [mandatory minimum] sentence was illegal.

[Appellant] request[ed] to be resentenced without application of the mandatory minimum sentence and without the SVP designation. The Commonwealth submit[ted] that [Appellant]'s [PCRA] petition should be dismissed.

Following oral argument, the [c]ourt directed the parties to file briefs in support of their arguments. The Commonwealth filed a

> Memorandum of Law on April 10, 2018, and [Appellant] filed a Brief in Support of [his] PCRA [p]etition on April 24, 2018.
>
> In [its] submission, the Commonwealth raised concerns regarding the timeliness of the PCRA [p]etition. Following an appeal to [the] Superior Court[,] the decision was affirmed on November 18, 2016, and on that same date[,] [Appellant] filed a request for reargument of that decision, which was subsequently denied on January 11, 2017. [Commonwealth v. Osche, 159 A.3d 593 (Pa. Super. 2016) (memorandum).] [Appellant]'s PCRA [p]etition was filed on January 10, 2018. Based on this sequence of events, the [c]ourt f[ound] the PCRA [p]etition was filed in a timely manner.

PCRA Court Opinion (PCO), 5/25/18, at 1 (footnote omitted).

The PCRA court denied Appellant's PCRA petition on May 25, 2018. Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. On August 6, 2018, the PCRA court issued a statement pursuant to Rule 1925(a) indicating that its opinion dated May 25, 2018, adequately addressed the issues raised in Appellant's Rule 1925(b) statement. See Opinion in Compliance with Rule 1925(a), 8/6/18, at 1.

> Appellant now presents the following questions for our review:
>
> 1. Did [the] PCRA [c]ourt commit an error of law when it denied … Appellant's [PCRA p]etition and found that the sentence pursuant [to] 42 Pa.C.S.[] § 9718.2 was legal and not in violation of the Constitution of the Commonwealth of Pennsylvania and the United States Constitution?
>
> 2. Did the PCRA [c]ourt commit an error of law when it denied … Appellant's [PCRA p]etition and determined that the classification of … Appellant as a[n SVP] under the Sexual Offender Registration and Notification Act [(SORNA)] was proper[,] in contravention of Commonwealth v. Butler, 173 A.3d 1212 [(Pa. Super. 2017)?]

Appellant's Brief at 4.

- 3 -

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." Commonwealth v. Mason, 130 A.3d 601, 617 (Pa. 2015) (cleaned up). Both of Appellant's claims in the instant matter exclusively concern the PCRA court's conclusions of law.

In his first issue, Appellant asserts that his mandatory minimum sentence of 25-50 years' incarceration was illegal pursuant to Alleyne v. United States, 570 U.S. 99 (2013). "The Alleyne Court held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury rather than a judge, and found beyond a reasonable doubt." Commonwealth v. Wolfe, 140 A.3d 651, 653 (Pa. 2016).

The trial court sentenced Appellant pursuant to the following provision of the Sentencing Code:

> Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement....

42 Pa.C.S. § 9718.2(a)(1).

Appellant does not dispute that he satisfied the criteria for sentencing pursuant to Section 9718.2(a)(1). Instead, Appellant contends this provision

was effectively rendered unconstitutional pursuant to Alleyne and its Pennsylvania progeny, including Wolfe. In Wolfe, our Supreme Court held that Section 9718(c), the proof-at-sentencing provision of the various mandatory-minimum sentences set forth in Section 9718(a), was constitutionally infirm. That provision, inter alia, stated that the "provisions of this section shall not be an element of the crime" and mandated that sentencing courts "determine, by a preponderance of the evidence, if this section is applicable[.]" 42 Pa.C.S. § 9718(c). The Wolfe Court held that Section 9718(c) clearly violated Alleyne, and was not severable from Section 9718 as a whole.

In the case sub judice, Section 9718.2(a)(1) provides for a mandatory-minimum sentence based on a defendant's prior convictions. The statute contains a provision, Section 9718.2(c), which, like Section 9718(c), dictates that "provisions of this section shall not be an element of the crime" and that the sentencing court "shall ... determine, by a preponderance of the evidence, the previous convictions of the offender...." 42 Pa.C.S. § 9718.2(c). Consequently, Appellant argues that Section 9718.2 is unconstitutional under the reasoning of Wolfe.

However, the Alleyne decision provided for an exception to the general rule it prescribed. Prior convictions, by their very nature, already result from the submission of facts to a factfinder under the beyond-a-reasonable-doubt standard. As such, mandatory-minimum sentences based on prior convictions

inherently satisfy the requirements of Alleyne. As this Court noted in Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super. 2014):

> The Supreme Court's decision in Almendarez–Torres v. United States, 523 U.S. 224 ... (1998)[,] held that the fact of a prior conviction does not need to be submitted to the jury and found beyond a reasonable doubt. Id. at 246.... Alleyne explicitly noted that Almendarez–Torres remains good law. See Alleyne, supra at 2160 n.1 (stating, "[i]n Almendarez–Torres, we recognized a narrow exception ... for the fact of a prior conviction[; however, b]ecause the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today[ ]").

Here, the only fact that can trigger the mandatory-minimum sentence set forth in Section 9718.2(a)(1) is a prior conviction. Accordingly, Section 9718.2(a)(1) can never run afoul of Alleyne. Moreover, although Section 9718.2(c) is similar to Section 9718(c), the proof-at-sentencing provision deemed unconstitutional in Wolfe, no judicial fact-finding beyond recognizing the existence of a prior conviction occurs when Section 9718.2 is applied. Consequently, Appellant's sentence is not illegal, and he is therefore not entitled to relief for this claim. Thus, in this respect, we affirm the order denying PCRA relief.

Next, Appellant asserts that the PCRA court erred when it denied his claim seeking to vacate his SVP designation as an illegal sentence, as the SVP assessment statute, 42 Pa.C.S. § 9799.24, was deemed unconstitutional in Butler. In that case, we synthesized Alleyne with our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (holding, inter alia, that SORNA's registration provisions are not merely civil sanctions,

but instead constitute criminal punishment), to hold that, because SVPs are subjected to registration requirements under SORNA that constitute criminal punishment pursuant to Muniz, and because a sexual offender may be designated an SVP by clear and convincing evidence by a judge rather than by proof beyond a reasonable doubt by a jury, Section 9799.24 is unconstitutional. Moreover, in Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017), we held that Muniz-based claims apply retroactively on collateral review. As the Butler decision is an application of Muniz, it applies retroactively on collateral review as well.

The Commonwealth does not dispute that Appellant's SVP designation was rendered illegal in Butler. Instead, the Commonwealth argues that 1) our decision in Butler is currently under review in our Supreme Court, see Commonwealth v. Butler, 190 A.3d 581 (Pa. 2018) (granting the Commonwealth's petition for allowance of appeal); and 2) the legislature has, subsequent to Butler, amended SORNA to ostensibly cure the constitutional defects identified in Muniz. Indeed, as this Court recently explained:

> In response to our Supreme Court's decision in Muniz and this Court's later decision in … Butler …, the Pennsylvania General Assembly passed Acts 10 and 29 of 2018. The express purpose of these legislative enactments was, inter alia, to "[p]rotect the safety and general welfare of the people of this Commonwealth by providing for registration, community notification and access to information regarding sexually violent predators and offenders who are about to be released from custody and will live in or near their neighborhood[,]" and to cure SORNA's constitutional defects by "address[ing] [Muniz and Butler]." See 42 Pa.C.S.[] § 9799.51(b)(1),(4).

> Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's effective date of December 20, 2012. The General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth the registration requirements that apply to all offenders convicted of committing offenses on or after Megan's Law I's effective date (April 22, 1996), but prior to SORNA's effective date.

Commonwealth v. Bricker, 198 A.3d 371, 375–76 (Pa. Super. 2018).

First, regarding our Supreme Court's decision to accept allowance of appeal in Butler, we cannot predict that Court's ultimate ruling. Indeed, the Court could affirm or reverse Butler, or even change its decision to grant review. Accordingly, until the Supreme Court acts, Butler remains good law in this Commonwealth.

Regarding the legislature's amendments to SORNA, no amendments were made to Section 9799.24. Moreover, regardless of whether the legislature adequately cured the defects addressed in Butler, Appellant was designated an SVP under the prior version of the statute. Moreover, the trial court notified Appellant of his registration and reporting requirements as an SVP in 2015 under the prior version of SORNA, not as they exist today. Thus, the constitutional defects in Appellant's SVP designation have not been cured by the amendments.

Therefore, we vacate the order denying PCRA relief in part, and vacate Appellant's sentence to the extent that it designates him an SVP under SORNA, and we remand for the lower court to determine what, if any, registration requirements apply to Appellant.

Order vacated in part, affirmed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2019